FILED
AUG 06 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(5) Summons issued pa.

Merlin Davis
3995 Finley Ave,
Santa Rosa CA, 95407
Me.the.wizard@gmail.com
707-293-0351

UNITED STATES COURT

DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| MERLIN DAVIS<br>Plaintiff,<br><br>vs.<br><br>CITY OF SANTA ROSA, JENNY MARQUEZ, TIM BARRETT, CASSIDY ANDERSON,<br>Defendant | Case No.: Number CV26 08177 EMC<br><br>COMPLAINT FOR VIOLATION OF 42 USC § 1983, 5TH AND 4TH AMENDMENT, AND FOR PEREMPTORY WRIT OF MANDATE TO ENFORCE CALIFORNIA PUBLIC RECORDS ACT CAL CIV CODE § 1085<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This action challenges the City of Santa Rosa's attempt to impose misdemeanor criminal liability and open-ended daily civil penalties on a homeowner because unhoused people occasionally live on the public property in front of his house.

2. Plaintiff Merlin Davis owns and lives at 3995 Finley Avenue in Santa Rosa. He does not own, control, or have any legal authority over the public right-of-way abutting his parcel. That land belongs to the City.

3. Mr. Davis publicly criticized the conduct of Santa Rosa Police Sergeant Tim Barrett toward unhoused residents on Finley Avenue. He recorded Sgt. Barrett on video. He

hosted cookouts at his home that carried a message critical of the City's treatment of unhoused people.

4. Tim Barrett responded by telling Mr. Davis that he would call code enforcement. He also told Mr. Davis that if he saw trash on the public property outside his home, Mr. Davis was "going to jail" and that it was "not looking good" for him. He made this threat without probable cause Mr. Davis had committed any crime.

5. Sgt. Barrett did call code enforcement. Code Enforcement Officer Jenny Marquez then visited and photographed Mr. Davis's property on three occasions, each time accompanied by Sgt. Barrett. On July 29, 2026, Ms. Marquez issued a Notice of Violation charging Mr. Davis with seven violations of the Santa Rosa City Code, each prosecutable as a misdemeanor, and exposing him to civil penalties of up to $5000 per violation, per day.

6. The gravamen of the Notice is occasional public property adjacent to Mr. Davis's home. With one exception -- a pile of branches in his side yard, which he removed within days -- every charged violation rests on the conduct of third parties on land Mr. Davis does not own and cannot lawfully control. None of the cited code provisions, by their terms, reaches that conduct. The City is in exclusive control of this property, and regularly evicts people from it and arrests them for sleeping there.

7. When Mr. Davis sought an administrative appeal, Ms. Marquez's supervisor, Cassidy Anderson, refused to provide one and refused to meet with him. When his agent went to inspect the City's records concerning the code enforcement file -- records Ms. Anderson had said he could have -- staff told him Ms. Anderson had instructed them not to produce anything.

8. Mr. Davis is thus charged with crimes he cannot avoid committing, denied any forum in which to contest the charges, and denied access to the records that would show how the charges came about. He brings this action under 42 U.S.C. section 1983 to enjoin enforcement of the Notice, to obtain a declaration that the cited provisions cannot lawfully be applied to him on these facts, and to recover damages for the violation of his constitutional rights.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343(a)(3) because this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. sections 1983 and 1988 and the First, Fourth, Fifth, and Fourteenth Amendments.

10. This Court has authority to grant declaratory relief under 28 U.S.C. sections 2201 and 2202 and Federal Rule of Civil Procedure 57, and injunctive relief under Federal Rule of Civil Procedure 65.

11. Venue is proper in this district under 28 U.S.C. section 1391(b) because all Defendants reside in this district and because substantially all of the events giving rise to Plaintiff's claims occurred in this district.

12. Pursuant to Civil Local Rule 3-2(c) and (d), this action arose in Sonoma County and is properly assigned to the San Francisco Division or the Oakland Division.

## PARTIES

13. Plaintiff MERLIN DAVIS is a natural person residing in Santa Rosa, Sonoma County, California. He is the owner of, and resides at, the real property commonly

known as 3995 Finley Avenue, Santa Rosa, California. He holds a mortgage secured by that property.

14. Defendant CITY OF SANTA ROSA is a municipal corporation organized under the laws of the State of California. The City operates the Santa Rosa Police Department and the code enforcement division whose officers are named below. The City owns and controls the public right-of-way abutting 3995 Finley Avenue.

15. Defendant TIM BARRETT is, and at all relevant times was, a Sergeant employed by the Santa Rosa Police Department. He is sued in his individual and official capacities. At all relevant times he acted under color of state law.

16. Defendant JENNY MARQUEZ is, and at all relevant times was, a Code Enforcement Officer employed by the City of Santa Rosa. She is sued in her individual and official capacities. At all relevant times she acted under color of state law.

17. Defendant CASSIDY ANDERSON is, and at all relevant times, the direct supervisor of Jenny Marquez and affirmed at ratified Ms. Marquez's decisions.

18. At all relevant times, each Defendant was the agent, employee, or co-conspirator of each other Defendant and acted within the course and scope of that relationship.

## FACTUAL ALLEGATIONS

### A.Plaintiff's Property and the Adjacent Public Right-of-Way

19. Mr. Davis has owns and lives at 3995 Finley Avenue.

20. Finley Avenue and the shoulder, sidewalk, and right-of-way abutting Mr. Davis's parcel are public property owned and controlled by the City of Santa Rosa. Mr. Davis holds no possessory or control interest in that land.

21. For a period of time preceding the events alleged here, unhoused people have lived and stored personal property on the public right-of-way in the vicinity of Finley Avenue, including in front of Mr. Davis's home.

22. Mr. Davis has no legal authority to remove those persons or their property from public land, and no lawful means of preventing them from being there. He has never invited or encouraged anyone to camp in front of his home.

**B. Plaintiff's Protected Speech**

23. Since owning his home Mr. Davis has observed conduct by Santa Rosa Police Department officers under Sgt. Barrett's supervision toward unhoused residents of Finley Avenue that he believed to be unlawful and abusive.

24. Mr. Davis spoke out publicly against that conduct. He criticized Sgt. Barrett directly and in the presence of others.

25. In or about June 2026, Mr. Davis and others recorded Sgt. Barrett on video during an enforcement operation on Finley Avenue and criticized his conduct.

26. Mr. Davis also hosted cookouts at his home. The cookouts carried a political message critical of the City's enforcement practices toward unhoused people and of Sgt. Barrett in particular.

27. Each of these activities -- criticism of a police officer, recording a police officer performing official duties in public, and hosting expressive gatherings on his own property -- is activity protected by the First Amendment.

**C.Sergeant Barrett's Threats**

28. In or about June 2026, after Mr. Davis and others recorded and criticized him, Sgt. Barrett threatened Mr. Davis and stated words to the effect of: "I will call code enforcement." When Sgt. Barrett made this threat, there a reasonable person viewing the totality of the circumstances would not believe there was probable cause to call code enforcement.

29. On a subsequent occasion, Sgt. Barrett told Mr. Davis words to the effect of: "If I see trash outside your property again, you're going to jail, not looking good for you." This threat was made even though there was no probable cause to arrest Mr. Davis for any crime, because Mr. Davis did not put any trash on public property.

D.The Code Enforcement Action

30. In the weeks following Sgt. Barrett's threats, Sgt. Barrett and Defendant Marquez came to Mr. Davis's home together and photographed his property.

31. Defendant Marquez visited and photographed the property on three occasions.

32. On information and belief, Sgt. Barrett and Defendant Marquez agreed between themselves to generate a code enforcement action against Mr. Davis, and the photographs were taken in furtherance of that agreement.

33. On July 29, 2026, Defendant Marquez issued a Notice of Violation to Mr. Davis (the "Notice").

34. The Notice charges violations of Santa Rosa City Code sections 17-12.015, 18-20.308.1, 11-22.030, 18-20.301.2, 17-12.260, 18-20.301.4, and 18-20.302.10.

35. Each charged offense is prosecutable as a misdemeanor under Santa Rosa City Code section 1-28.010(A).

36. The Notice exposes Mr. Davis to civil penalties of up to $5,000 per day per violation, up to $35,000 a day.

37. The factual allegations in the Notice are that rubbish is present and that individuals are present on the property adjacent to Mr. Davis's parcel. With one exception, the Notice does not allege any condition located on Mr. Davis's own parcel.

**E. The Charged Provisions Do Not Reach the Alleged Conduct**

38. Santa Rosa City Code section 17-12.015 governs driveway and private street culverts and requires that they not restrict the flow of the adjoining street drainage system. The Notice does not allege that any culvert restricts street drainage.

39. Santa Rosa City Code section 18-20.308.1 adopts International Property Maintenance Code section 308.1, which requires that exterior property and premises and the interiors of structures be free from accumulations of garbage. The Notice complains of conditions on adjacent public property, not on Mr. Davis's premises. The sole condition alleged on r. Davis's own parcel was a pile of branches, which he has removed.

40. Santa Rosa City Code section 11-22.030 makes it unlawful to camp on private property without the owner's written permission. The Notice does not allege that anyone is camping on Mr. Davis's private property.

41. Santa Rosa City Code section 18-20.301.2 adopts International Property Maintenance Code section 301.2, which imposes duties on owners with respect to their own property. It imposes no duty with respect to adjoining land owned by another.

42. Santa Rosa City Code section 17-12.260 declares a nuisance any condition existing in violation of "this article," meaning Article II of Chapter 17-12, which governs storm water discharge. The predicate charged in the Notice, section 17-12.015, appears in Article I. Section 17-12.260 does not reach Article I violations. The Notice alleges no unlawful discharge of storm water or pollutants.

43. Santa Rosa City Code section 18-20.301.4 applies to persons "owning, renting, leasing, occupying, or having charge or possession of any property" who maintain "such property" in a prohibited condition. It reaches only the responsible person's own property, not adjoining public land.

44. Santa Rosa City Code section 18-20.302.10 likewise applies only to persons owning, leasing, or having charge of the land on which the condition exists.

45. No provision of the Santa Rosa City Code makes a private property owner criminally or civilly liable for the presence, conduct, or personal property of third parties on public land abutting the owner's parcel.

46. Mr. Davis cannot conform his conduct to the Notice. Because the conditions on which the Notice rests are the acts of persons he does not control, on land he

does not own, compliance is not within his power. He is exposed to accruing penalties and prosecution by virtue of owning his home.

**F. The Denial of Any Appeal**

47. Mr. Davis promptly abated the only condition on his own parcel identified in the Notice, removing the pile of branches from his side yard and requested an appellate process for the alleged code violations that are clearly erroneous.

48. On August 4, 2026, one business day after the Notice issued, Mr. Davis's property manager notified the City that the branches had been removed and initiated an appeal.

49. In the same communication, Mr. Davis requested clarification of the City's application of the cited code provisions and requested an administrative appeal of the determinations in the Notice.

50. Defendant Marquez's supervisor, refused to provide an administrative appeal and refused to meet with Mr. Davis. Ms. Anderson's decision reflected the official policy of the City of Santa Rosa.

51. On information and belief, the City provides no administrative appeal from a Notice of Violation charging provisions outside Title 18 of the Santa Rosa City Code.

52. Mr. Davis has therefore been afforded no forum, administrative or otherwise, in which to contest the Notice before penalties accrue.

**G. The Denial of Access to Records**

53. In the same August 4, 2026 communication, Mr. Davis requested to inspect the City's records concerning his code enforcement case under Cal Gov Code 7922.525(a-b).

54. Defendant Anderson stated that records were available for inspection. On or about August 5, 2026, Mr. Davis's property manager went to the City's offices to inspect the records.

55. The front desk receptionist telephoned Defendant Anderson and then informed the property manager that Ms. Anderson had instructed staff not to produce any records pertaining to the code enforcement case.

**H. Harm to Plaintiff**

56. Mr. Davis holds a mortgage secured by his home. On information and belief, the assessment of code enforcement penalties or the recording of a lien against the property could trigger adverse action by his lender, up to and including acceleration or foreclosure, and could result in the loss of his home.

57. Mr. Davis faces the imminent prospect of misdemeanor prosecution for conduct he did not engage in and cannot prevent.

58. As a result of Defendants' conduct, Mr. Davis has curtailed and is under pressure to further curtail his criticism of Sgt. Barrett, his recording of police activity, and his hosting of expressive gatherings at his home, because he understands that continuing those activities will bring further enforcement action against his property.

59. Defendants' conduct would chill a person of ordinary firmness from continuing to engage in the protected activity described above.

60. On August 4, 2026, after exhausting reasonable efforts to resolve the matter with the City, Mr. Davis notified the City that he would seek emergency relief in federal court.

FIRST CLAIM FOR RELIEF

First Amendment Retaliation - 42 U.S.C. section 1983 (Against Defendants Barrett, Marquez, Anderson, and City of Santa Rosa)

61. Plaintiff realleges and incorporates by reference each preceding paragraph.

62. Plaintiff engaged in activity protected by the First Amendment, including criticizing a police officer, recording police activity in a public place, and hosting expressive gatherings on his own property.

63. Defendants took adverse action against Plaintiff, including threatening him with arrest, initiating a code enforcement investigation, issuing the Notice, exposing him to misdemeanor prosecution and daily civil penalties, denying him an administrative appeal, and denying him access to public records.

64. Barrett was substantially motivated to retaliate against Mr. Davis based on his criticism of his conduct. Barrett openly stated his intentions to arrest and prosecute Mr. Davis without probable cause around June and July of 2026.

65. After making these threats, Barrett met with Anderson and Marquez during routine meetings that he has with Code Enforcement. The three agreed to pursue a course of conduct to prosecute Mr. Davis for unhoused people presence near his home, even though there was no probable cause to do so.

66. On July 29, the Marquez issued the Notice of Violation with the knowledge and consent of Anderson and Barrett. This Notice was the fruit of the conspiracy initiated by Barrett. Defendants were aware they lacked probable cause for the charges set forth in the Notice. The cited provisions do not, by their terms, reach the conduct alleged, and no provision of the Santa Rosa City Code makes Plaintiff responsible for the acts of third parties on public land.

67. Plaintiff's protected activity was a substantial and motivating factor in, and a but-for cause of, Defendants' conduct. Absent the retaliatory motive, the Notice would not have issued.

68. Defendants' conduct would chill a person of ordinary firmness from continuing to engage in the protected activity.

69. As a direct and proximate result, Plaintiff has suffered and continues to suffer injury, including the chilling of his protected speech, exposure to criminal and monetary liability, and emotional distress.

70. Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages against the individual Defendants.

SECOND CLAIM FOR RELIEF

Conspiracy to Retaliate - 42 U.S.C. section 1983 (Against Defendants Barrett, Marquez, and Anderson)

71. Plaintiff realleges and incorporates by reference each preceding paragraph.

72. Defendants Barrett and Marquez reached an agreement or meeting of the minds to deprive Plaintiff of his First Amendment rights by generating and pursuing a code enforcement action against him in retaliation for his protected speech without probable cause.

73. In furtherance of that agreement, Defendants Barrett and Marquez appeared together at Plaintiff's home and photographed his property, and Defendant Marquez issued the Notice.

74. On information and belief, Defendant Anderson joined the agreement by refusing Plaintiff an administrative appeal and by directing staff to withhold the records that would document the action's origin.

75. As a direct and proximate result, Plaintiff suffered the injuries alleged above.

THIRD CLAIM FOR RELIEF

Procedural Due Process - Fourteenth Amendment - 42 U.S.C. section 1983 (Against All Defendants)

76. Plaintiff realleges and incorporates by reference each preceding paragraph.

77. Plaintiff has constitutionally protected property interests in his home and in freedom from the assessment of monetary penalties and liens against it, and a protected liberty interest in freedom from criminal prosecution.

78. Defendants have deprived and threaten to deprive Plaintiff of those interests through the Notice and the penalties and prosecution it authorizes.

79. Defendants afforded Plaintiff no meaningful opportunity to be heard. They refused his request for an administrative appeal, refused to meet with him, and provide no other forum in which the determinations in the Notice may be contested before penalties accrue.

80. Defendants compounded the deprivation by withholding the records concerning the code enforcement action, denying Plaintiff the means to prepare any challenge.

81. The private interest at stake is substantial, the risk of erroneous deprivation under the existing procedures is high, and the government's interest in denying any hearing is minimal. See Mathews v. Eldridge, 424 U.S. 319 (1976).

82. As a direct and proximate result, Plaintiff has suffered and continues to suffer injury.

FOURTH CLAIM FOR RELIEF

Substantive Due Process - Fourteenth Amendment - 42 U.S.C. section 1983

(Against All Defendants)

83. Plaintiff realleges and incorporates by reference each preceding paragraph.

84. Defendants have acted outside the authority delegated to them by the Santa Rosa City Code by charging Plaintiff under provisions that do not reach the conduct alleged.

85. Defendants have done so for the improper purpose of punishing Plaintiff's protected speech, and have coupled that action with a refusal to afford any appeal and a refusal to produce records.

86. Defendants' conduct shocks the conscience and interferes with rights implicit in the concept of ordered liberty.

87. As a direct and proximate result, Plaintiff has suffered and continues to suffer injury.

FIFTH CLAIM FOR RELIEF

Due Process - Fifth and Fourteenth Amendments - 42 U.S.C. section 1983

(Against All Defendants)

88. Plaintiff realleges and incorporates by reference each preceding paragraph.

89. The Due Process Clause protects an individual's right to be punished only on the basis of personal guilt. *Scales v. United States*, 367 U.S. 203 (1961).

90. The Notice imposes criminal exposure and monetary liability on Plaintiff for conduct engaged in by third parties, on land Plaintiff does not own or control, without any allegation that Plaintiff caused, invited, permitted, or was even aware of that conduct.

91. The Notice charges misdemeanor offenses without alleging any culpable mental state, and Plaintiff cannot avoid the charged conditions by any act of his own.

92. As applied to Plaintiff, the charged provisions violate the Due Process Clause.

93. As a direct and proximate result, Plaintiff has suffered and continues to suffer injury.

SIXTH CLAIM FOR RELIEF

Municipal Liability - 42 U.S.C. section 1983

(Against Defendant City of Santa Rosa)

94. Plaintiff realleges and incorporates by reference each preceding paragraph.

95. The constitutional violations alleged above were caused by the City's policies, customs, or practices, including: (a) a practice of charging property owners under code provisions that do not reach conduct occurring on adjacent public land; (b) a practice of affording no administrative appeal from Notices of Violation charging provisions outside Title 18; and (c) a practice of permitting police officers to initiate code enforcement action against residents who criticize them.

96. In the alternative, Defendant Anderson acted as a final policymaker with respect to the decisions to deny Plaintiff an appeal and to withhold records, and her decisions are attributable to the City.

97. In the further alternative, the City ratified the conduct of Defendants Barrett and Marquez by declining to withdraw the Notice, declining to afford an appeal, and declining to produce records after being informed of the facts alleged here.

98. On information and belief, the City failed to train its code enforcement officers regarding the territorial limits of the provisions they enforce, and that failure amounted to deliberate indifference to the rights of persons with whom those officers interact.

99. As a direct and proximate result, Plaintiff has suffered and continues to suffer injury.

SEVENTH CLAIM FOR RELIEF-

Violation of 42 USC § 1983 FIFTH AMENDMENT TAKINGS CLAUSE (Against City of Santa Rosa, Marquez, and Anderson)

100. Plaintiff realleges and incorporates by reference each preceding paragraph.

101. The Fifth Amendment, made applicable to the states through the Fourteenth Amendment, prohibits the taking of private property for public use without just compensation.

102. Plaintiff holds constitutionally protected property interests in his home at 3995 Finley Avenue, in the equity he holds in that home, and in his money.

103. The right-of-way abutting Plaintiff's parcel is public property owned by the City. Maintaining that land, removing refuse from it, and addressing the conditions that arise on it are functions of the City and expenses properly borne by the public.

104. Through the Notice, Defendants have conditioned Plaintiff's continued freedom from daily penalties, from a lien against his home, and from criminal prosecution on his performing, at his own expense, the clearing and maintenance of public land that he does not own and has no lawful authority to control.

105. Defendants thereby demand that Plaintiff expend his own funds and labor to defray a public expense.

106. The government may not condition the enjoyment of property rights on a monetary exaction that lacks an essential nexus and rough proportionality to a public impact caused by the owner.

107. The exaction demanded of Plaintiff bears no essential nexus to any impact caused by Plaintiff, because Plaintiff caused none. The conditions on the public right-of-way arose from the acts of third parties and from the City's own management of its land.

108. The exaction is not roughly proportional to any impact attributable to Plaintiff. It is unlimited in amount, accrues at up to $35,000 per day, continues indefinitely, and is untethered to any act or omission within Plaintiff's control.

109. The assessment of penalties and the recording of a lien would encumber title to Plaintiff's home, appropriate his equity, and may result in the loss of the home itself, all to satisfy an obligation the City properly owes to the public.

110. In the alternative, Defendants' conduct effects a regulatory taking under Penn Central Transportation Co. v. City of New York, 438 U.S. 104 (1978). The economic impact on Plaintiff is severe and potentially total, extending to the loss of his residence. The action interferes with Plaintiff's distinct investment-backed expectations in the home he purchased and encumbered with a mortgage. And the character of the governmental action is the appropriation of private funds to discharge a public responsibility.

111. Plaintiff's claim is ripe. A property owner may bring a federal takings claim as soon as the government takes his property without paying for it, without first pursuing state compensation procedures.

112. Defendants have not offered, paid, or made available any compensation to Plaintiff.

113. As a direct and proximate result, Plaintiff has suffered and continues to suffer injury, including the imminent loss of property without just compensation.

EIGHTH CLAIM FOR RELIEF-

Violation of California Public Records Act Cal Gov Code § 1085, § 7922.525(a)(b)

(Against City of Santa Rosa, Marquez, and Anderson)

114. Plaintiff realleges and incorporates by reference each preceding paragraph.

115. Defendant City of Santa Rosa is a "local agency" within the meaning of Government Code section 7920.510.

116. The records Plaintiff sought to inspect are the City's file and related materials concerning the code enforcement action against 3995 Finley Avenue, including inspection reports, photographs, field notes, complaint intake records, and communications between and among Defendants Barrett, Marquez, and Anderson regarding Plaintiff or his property.

117. Each such record is a "public record" within the meaning of Government Code section 7920.530: a writing containing information relating to the conduct of the public's business, prepared, owned, used, or retained by the City.

118. Government Code section 7922.525(a) provides that public records are open to inspection at all times during the office hours of a local agency, and that every person has a right to inspect any public record except as otherwise provided by law.

119. Government Code section 7922.525(b) provides that any reasonably segregable portion of a record shall be available for inspection after deletion of the portions that are exempted by law.

120. These provisions impose on the City a clear, present, and ministerial duty, and confer on Plaintiff a clear, present, and beneficial right to the performance of that duty. The City has no discretion to withhold a record that is not exempt, and no discretion to withhold an entire record where exempt material can reasonably be segregated and deleted.

121. The right Plaintiff seeks to enforce is independently guaranteed by article I, section 3, subdivision (b) of the California Constitution, which directs that any statute or other authority be broadly construed if it furthers the people's right of access and narrowly construed if it limits that right.

122. On or about August 4, 2026, Plaintiff, through his property manager, requested to inspect the City's records concerning the code enforcement action against his property. A request to inspect public records need not be in writing.

123. Defendant Anderson responded that the requested records were available to Plaintiff.

124. On or about August 5, 2026, Plaintiff's property manager appeared at the City's offices during regular business hours to inspect the records.

125. The receptionist telephoned Defendant Anderson and thereafter informed Plaintiff's property manager that Ms. Anderson had directed staff not to produce any records pertaining to the code enforcement case.

126. The City produced no records. It did not permit inspection of any record, in whole or in part.

127. The City did not identify any record it was withholding, did not identify any exemption on which it relied, and did not provide any written response stating the legal basis for its refusal.

128. The City did not segregate or offer to segregate any portion of any record. Its refusal was categorical.

129. On information and belief, no exemption applies to all or substantially all of the requested records. Records of a public code enforcement action taken against a named property, including inspection reports and photographs, are not exempt from disclosure.

130. The burden of demonstrating that a record is exempt from disclosure rests on the City. The City has not attempted to carry that burden.

131. Defendants' refusal to permit inspection violated Government Code section 7922.525(a). Defendants' categorical withholding, without any effort to release reasonably segregable portions, independently violated Government Code section 7922.525(b).

132. On information and belief, Defendant Anderson directed the withholding of the records because those records would document the origin of the code enforcement action, including the communications between Defendants Barrett and Marquez alleged above.

133. Plaintiff has no plain, speedy, and adequate remedy in the ordinary course of law. Government Code section 7923.100 designates a writ of mandate, injunctive relief, or declaratory relief as the remedy for the denial of the right to inspect a public record.

134. Plaintiff is entitled to a writ of mandate and injunctive relief compelling Defendants to permit inspection of the requested records, or, as to any record for which an exemption is properly asserted and sustained, to permit inspection of all reasonably segregable portions after deletion of exempt material.

135. Plaintiff is entitled to recover his costs and, to the extent recoverable, reasonable attorney's fees under Government Code section 7923.115.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a temporary restraining order and preliminary and permanent injunctions restraining Defendants from enforcing the Notice of Violation dated July 29, 2026; from assessing, accruing, or collecting any penalty premised on the Notice; from recording any lien against 3995 Finley Avenue premised on the Notice; from referring Plaintiff for prosecution under Santa Rosa City Code section 1-28.010(A) premised on the Notice; and from issuing any new notice of violation premised on the presence, conduct, or personal property of third parties on public property abutting Plaintiff's parcel;

B. Declare that the Santa Rosa City Code provisions cited in the Notice do not reach conduct occurring on public property adjacent to Plaintiff's parcel and are unconstitutional as applied to Plaintiff;

C. Issue a peremptory writ of mandate and injunctive relief compelling Defendants to permit Plaintiff to inspect the public records concerning the code enforcement action

against 3995 Finley Avenue, and to release all reasonably segregable portions of any record as to which an exemption is asserted;

D.Declare that Defendants' refusal to afford Plaintiff any opportunity to contest the Notice violates the Due Process Clause;

E. Award compensatory damages against all Defendants according to proof;

F. Award punitive damages against the individual Defendants according to proof;

G.Award reasonable attorney's fees and costs under 42 U.S.C. section 1988 to the extent recoverable;

H.Award such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 5, 2026

MERLIN DAVIS Plaintiff in Pro Per