UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERLIN JOSEPH DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, et al.,<br><br>Defendants. | Case No. 26-cv-08177-EMC<br><br>**ORDER GRANTING TRO AND SETTING PRELIMINARY INJUNCTION BRIEFING SCHEDULE**<br><br>Docket No. 2 |

### I.    <u>INTRODUCTION</u>

Plaintiff Merlin Davis, proceeding pro se, applies ex parte for a temporary restraining order ("TRO"), a preliminary injunction, and a peremptory writ of mandate.  He asks the Court to restrain the City of Santa Rosa from enforcing a July 29, 2026 Notice of Violation (the "Notice"), from assessing penalties or recording a lien premised on that Notice, and from referring him for criminal prosecution.  Motion for TRO (Dkt. 2).  He also asks the Court to compel the City to permit inspection of its code enforcement file.  *Id.*  For the reasons set forth below, the application for a TRO is **GRANTED**.  The Court hereby sets an expedited briefing schedule and hearing on Plaintiff's motion for a preliminary injunction.

### II.    <u>BACKGROUND</u>

Mr. Davis owns and resides in a home on Finley Avenue, in Santa Rosa, California.  Davis Declaration (Dkt. 2-1) ¶ 2.  A drainage culvert runs along Finley Avenue, in front of his residence.  *Id.* ¶ 4.  The parties agree that the channel and culvert are located within the public right-of-way.  *Id.* ¶ 4; Anderson Declaration (Dkt. 9-1) ¶ 4.  Mr. Davis argues that he has no legal authority to exclude anyone from the public right-of-way or to move anyone's belongings, and that he did not invite or encourage unhoused individuals to camp along the culvert.  Davis Decl. ¶¶ 5–6.  The City

United States District Court<br>Northern District of California

responds that Santa Rosa Code § 17-12.015 requires an abutting property owner to maintain driveway culverts free of obstruction, and that its staff documented camping activity and debris both within the right-of-way and within the boundaries of Mr. Davis's property. Anderson Decl. ¶¶ 3–4. Mr. Davis further represents that he (1) has publicly criticized and recorded Santa Rosa Police Department enforcement operations on Finley Avenue supervised by Sergeant Tim Barrett, (2) that in June 2026, after being recorded and criticized, Sgt. Barrett told him "I will call code enforcement," (3) that Sgt. Barrett separately warned Mr. Davis that he was "at risk of going to jail," and that Sgt. Barrett thereafter appeared at the property with code enforcement staff. Davis Decl. ¶¶ 8, 10, 13–15.

On July 29, 2026, after three inspections of Mr. Davis's property, Encampment Team Officer Jenny Marquez issued a Notice of Violation, Case No. CE26-0691. *Id.* ¶¶ 18–19; *see also id.*, Ex. A. The Notice charges Mr. Davis with violating seven provisions of the Santa Rosa City Code, including accumulation of rubbish and garbage, camping on private property, and certain property nuisances. *Id.* ¶ 20. The Notice advises Mr. Davis that failure to correct the recorded violations may result in administrative citations carrying cumulative daily penalties of $100 to $5,000 and that the City "may issue a Criminal Citation and/or seek any other legal remedies." *Id.* ¶¶ 20–23; *see also id.*, Ex. A. Each violation description refers to conditions "in the culvert adjacent to your property." *See id.*, Ex. A. The Notice states that a Notice of Violation "does not incur a penalty and therefore is not appealable." *Id.* The City's Supervising Code Enforcement Officer, Cassidy Anderson, declares that no further enforcement action is pending administratively, civilly, or criminally; that she denied Mr. Davis's request for an administrative appeal because the Code provides no such process; and that an August 5, 2026 email offering to extend the compliance date and schedule a meeting was intended as an "olive branch." Anderson Decl. ¶¶ 7–9. As far as the Court can tell, the Notice has not been withdrawn or formally stayed.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, the Court may issue a TRO to enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P 65(b). The Court may issue a TRO where the plaintiff has established: (1) a likelihood of success on the merits; (2) a likelihood

2

of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Under the Ninth Circuit's sliding scale approach, a plaintiff may alternatively establish that there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the plaintiff," and the other *Winter* factors are satisfied. *See All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

### IV.    <u>DISCUSSION</u>

A.    <u>Serious Questions Going to the Merits</u>

Mr. Davis has raised serious questions on two of this theories.

***First***, criticizing police officers and recording their public performance of official duties are protected activities.  *See, e.g.*, *City of Houston, Tex. v. Hill*, 482 U.S. 451, 461 (1987); *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013); *Sanchez v. City of Atherton*, 2023 WL 137475, at *5 (N.D. Cal. Jan. 9, 2023); *Naveed v. City of San Jose*, 2016 WL 2957147, at *5 (N.D. Cal. May 23, 2016).  Mr. Davis reports that Sgt. Barrett announced that he would call code enforcement immediately after being recorded and scrutinized, warned of jail on a separate occasion, and later appeared at the property with the officer who issued the Notice just weeks afterward.  Davis Decl. ¶¶ 13–15.  Defendants dispute that any threat was made, and offer a competing account tracing the enforcement to community complaints dating back to 2023. Anderson Decl. ¶¶ 3, 9.  At this juncture, and without prejudice to a further finding upon consideration of additional evidence in connection with the motion for preliminary injunction, Plaintiff has, for purposes of a TRO, raised at least a serious question on the merits.

***Second***, our jurisprudence recognizes that "guilt is personal." *Scales v. United States*, 367 U.S. 203, 224 (1961); *Boyd v. City of San Rafael*, 2023 WL 6960368, at *25 (N.D. Cal. Oct. 19, 2023) (Chen, J.).  The Notice describes the charged conditions as existing "in the culvert adjacent to" Mr. Davis's property and directs him to remove individuals and belongings from that area. Davis Decl. ¶¶ 21–22; *see also id.*, Ex. A.  Mr. Davis attests that he lacks any legal power to do so. Davis Decl. ¶ 26.  The City maintains that § 17-12.015 places on all property owners a duty to "maintain the driveway culverts in a manner that prevents obstructions[,]" and that certain

United States District Court
Northern District of California

conditions were also observed on Mr. Davis's property itself.  Anderson Decl. ¶¶ 3–4.  Whether the cited provisions reach the conduct and conditions the Notice describes, and whether Mr. Davis bears responsibility for them, raise serious questions on the merits for the purposes of a TRO.  This determination is made without prejudice to further consideration of additional evidence in connection with the motion for preliminary injunction.

B.    Irreparable Harm

Mr. Davis avers that his speech has been constrained, and that he must determine whether to stop recording and criticizing police officers in order to protect his home.  Davis Decl. ¶¶ 38–39.  The loss of First Amendment freedoms, even briefly, may constitute irreparable injury.  *Klein v. City of San Clemente*, 584 F.3d 1196, 1207–08 (9th Cir. 2009).

C.    Balance of Equities and Public Interest

Though the City has identified a significant interest in assuring public health and safety, it is not restrained in its authority to maintain, clear, or abate conditions on public rights-of-way by direct action.  Moreover, the City represents it is not currently threatening and is thus not currently relying upon immediate criminal or civil enforcement actions against Mr. Davis.  A TRO preserving the current state of affairs for the short period until the motion for preliminary injunction can be heard thus imposes little or no burden on the City.  And where a colorable constitutional violation is alleged, the public interest favors preserving the status quo.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

## V.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. The application for a temporary restraining order is **GRANTED**.  Pending the hearing set below, Defendants and their officers, agents, and employees are prohibited from: (a) issuing any administrative citation to Mr. Davis premised on the July 29, 2026 Notice of Violation, (b) assessing, accruing, or collecting any penalty premised on that Notice, (c) recording any lien or special assessment against the property at issue premised on that Notice, and (d) referring Mr. Davis for criminal citation or prosecution premised on that Notice.

United States District Court
Northern District of California

2.  This Order takes effect immediately and, for good cause, remains in effect through the conclusion of the hearing on preliminary injunction on August 25, 2026, or until further order of the Court.

3. The application is construed as a motion for preliminary injunction and for a writ compelling inspection of public records.  Defendants shall file a full opposition to the motion on or before August 14, 2026.  Mr. Davis shall file any reply on or before August 18, 2026.  The parties shall address in their briefs, *inter alia*, (a) the reach of each Santa Rosa City Code provision cited in the Notice, and whether the conduct and conditions in the areas cited in the Notice are covered by the Code, (b) available administrative or judicial processes available to Mr. Davis to contest a Notice of Violation or a resulting citation, (c) Defendants' evidence, if any, of a non-retaliatory basis for the Notice, and (d) the appropriate scope and duration for any preliminary injunction.

4.  The motion for preliminary injunction is set for hearing on August 25, 2026 at 10:00 a.m.

5.  On or before August 14, 2026, Defendants shall produce to Mr. Davis the records in the City's possession, custody, or control that are reasonably available and that bear on the matters presented.  The Court expects these materials to assist the parties and the Court in timely resolving the motion for preliminary injunction.

**IT IS SO ORDERED**.

Dated: August 8, 2026

_____
EDWARD M. CHEN
United States District Judge

5